Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> HALO UNLIMITED, INC., d/b/a INFANT HEARING SCREENING SPECIALISTS, and Does 1-8 Inclusive, <br><br> Defendant(s). | Case No.: **'17 CV 2006 H    WVG** <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br><br> **JURY TRIAL DEMAND** |

1
## NATURE OF THE ACTION

2  This is an action under Title VII of the Civil Rights Act of 1964, *as amended* by
3  the Pregnancy Discrimination Act of 1978, Title I of the Civil Rights Act of 1991 ("Title
4  VII") as well as the Americans with Disabilities Act of 1990, *as amended* by the
5  Americans with Disabilities Act Amendments Act of 2008 (the "ADA"), to correct
6  unlawful employment practices based on pregnancy, a condition of sex (female), and
7  disability (schizophrenia, bi-polar disorder), and to provide appropriate relief to Amy L.
8  Lopez ("Charging Party" or "Lopez") who was adversely affected by such practices.  As
9  set forth with greater particularity in Paragraphs 9-36 of this Complaint, Plaintiff United
10  States Equal Employment Opportunity Commission ("Plaintiff" or "Commission")
11  asserts that Defendant Halo Unlimited, Inc., d/b/a/ Infant Hearing Screening Specialists
12  and Does 1-9 ("IHSS" or "Defendant"), unlawfully discriminated against Charging Party
13  Lopez when Defendant denied her a reasonable accommodation without engaging in the
14  interactive process and discharged her in violation of  §§ 701 (k) and 703(a)(1) of Title
15  VII, and 42 U.S.C. § § 12112 (a) and (b) of the ADA.

16
## JURISDICTION AND VENUE

17  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,
18  1337, 1343 and 1345.

19  2.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of
20  Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e-5(f)(1) and
21  (3), § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the
22  ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth
23  in Sections 706 of Title VII, 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

24  3.  The employment practices alleged to be unlawful were committed within
25  the jurisdiction of the United States District Court for the Southern District of California.

26
## PARTIES

27  4.  Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff"
28  or the "Commission"), is an agency of the United States of America charged with the

1  administration, interpretation and enforcement of Title VII, as amended, and the ADA, as
2  amended.

3      5.      At all relevant times, Defendant has been a corporation doing business in
4  the Southern District of California, and has continuously had at least fifteen (15)
5  employees.

6      6.      At all relevant times, Defendant has continuously been a covered entity and
7  employer engaged in an industry affecting commerce within the meaning of §§ 701(b),
8  (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h), and §§ 101 (2), (5), and
9  (7) of the ADA, 42 U.S.C. §§ 12111 (2), (5), and (7).

10      7.      All the acts and failures to act alleged herein were duly performed by and
11  attributable to each and every Defendant(s), each acting as a successor, agent, alter ego,
12  employee, indirect employer, joint employer, integrated enterprise and/or or under the
13  direction and control of the others, except as specifically alleged otherwise. Said acts and
14  failures to act were within the scope of such agency and/or employment, and each
15  Defendant participated in, approved and/or ratified the unlawful acts and omissions by
16  the other Defendants complained of herein. Whenever and wherever reference is made in
17  this Complaint to any act by a Defendant or Defendants, such allegations and reference
18  shall also be deemed to mean the acts and failures to act of each Defendant acting
19  individually, jointly, and/or severally.

20      8.      Plaintiff is ignorant of the true names and capacities of each Defendant(s)
21  sued as Does 1 through 9, inclusively, and therefore Plaintiff sues said defendant(s) by
22  fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe
23  defendant individually or collectively as they become known. Plaintiff alleges that each
24  Doe defendant was in some manner responsible for the acts and omissions alleged herein
25  and Plaintiff will amend the complaint to allege such responsibility when the same shall
26  have been ascertained by Plaintiff.

27  ///
28  ///

1

### STATEMENT OF CLAIMS

2   9.    More than thirty days prior to the institution of this lawsuit, Charging Party

3   dually filed a charge of discrimination with the Commission and the California

4   Department of Fair Employment and Housing alleging that Defendant violated Title VII,

5   *as amended*, and the ADA, *as amended*.

6   10.    The Commission investigated the Charging Party's allegations by

7   requesting and examining documents and interviewing witnesses.

8   11.    On September 7, 2017, the Commission issued to Defendant an amended

9   Letter of Determination finding reasonable cause to believe that Charging Party was

10   denied a reasonable accommodation and discharged because of disability in violation of

11   the ADA, *as amended*.  The Commission also found reasonable cause to believe that

12   Charging Party was discharged due to her pregnancy, a condition of sex (female), in

13   violation of Title VII, *as amended*.  The Commission also invited Defendant to join with

14   the Commission in informal methods of conciliation to endeavor to eliminate the

15   discriminatory practices and provide appropriate relief.

16   12.    The Commission engaged in communications with Defendant to provide

17   Defendant the opportunity to remedy the discriminatory practices described in the

18   amended Letter of Determination.

19   13.    The Commission was unable to secure through informal methods of

20   conciliation from Defendants a conciliation agreement acceptable to the Commission.

21   14.    On September 13, 2017, the Commission issued to Defendant a Notice of

22   Failure of Conciliation.

23   15.    All conditions precedent to the institution of this lawsuit have been

24   fulfilled.

25   ### Discriminatory Acts

26   16.    Since at least May 2016, Defendant has engaged in unlawful employment

27   practices in violation of §§ 701 (k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and

28   2000e-2(a)(1), and Section 102 (a) and (b) of ADA, 42 U.S.C. § § 12112 (a) and (b).

-4-

17.    Lopez is disabled within the meaning of the ADA due to having the following actual and record of impairments, schizophrenia and bi-polar disorder. Due to these impairments, Lopez is substantially limited in major life activities such as thinking, concentrating, communicating, and interacting with others.

18.    During late November 2015, Lopez began her employment as an Infant Screening Technician for Defendant and was assigned to a job site at Pioneers Memorial Hospital in Brawley, California.

19.    During mid-March 2016, Lopez learned she was pregnant for the first time. Lopez's pregnancy was considered "high-risk" due to the medications she was taking for her disabilities.

20.    Lopez was qualified of the Infant Screening Technician position because she received a "meets expectations" performance rating from Defendant on or about March 14, 2016.

21.    On or about April 13, 2016, Lopez followed her treating physician's recommendation to change her medications to avoid pregnancy-related complications and birth defects.

22.    On or about April 20, 2016, Lopez informed Defendant that she was pregnant and that she wanted to continue working for as long as she was able.

23.    Sometime in May 2016, Lopez started experiencing severe morning sickness and panic attacks which caused her to be less efficient and affected her time management skills.

24.    Since at least June 8, 2016, Defendant was aware of Lopez's disabilities. On June 8, 2016, one of Lopez's co-workers sent an email to Defendant indicating that Lopez's "mental issues" were causing work-related issues.

25.    On or about June 9, 2016, Defendant decided to terminate Lopez's employment.

26.    On or about June 10, 2016, Defendant instructed Lopez to meet Defendant's management team at the Starbucks in Brawley, California on June 13, 2016,

1    for an "evaluation" and assignment to a new hospital.

2        27.    Due to the continued pregnancy-related complications and panic attacks,

3    Lopez intended to request unpaid medical/maternity leave as a reasonable

4    accommodation from Defendant at the June 13, 2016 meeting.

5        28.    On June 13, 2016, Lopez brought her medical file to the meeting with

6    Defendant to support her request for medical leave.

7        29.    At the outset of the June 13, 2016 meeting, Lopez was immediately

8    informed by Defendant that she was being terminated "effective immediately."

9        30.    After being informed that she was terminated, Lopez explained to

10   Defendant that she had changed her medication for schizophrenia due to her pregnancy

11   and further explained how this affected her efficiency and time management skills. Lopez

12   also showed Defendant her medical file to substantiate her claims and requested

13   medical/maternity leave as a reasonable accommodation.

14       31.    Defendant responded that Lopez's "termination was a final decision" and

15   that she could re-apply after she gives birth.  Defendant then concluded the meeting after

16   collecting Lopez's hospital badge.

17       32.    Defendant denied Lopez a reasonable accommodation and discharged her

18   without engaging in the interactive process because of disability in violation of 42 U.S.C.

19   § § 12112 (a) and (b) of the ADA.

20       33.    Defendant also discharged Lopez based on pregnancy, a condition of sex

21   (female) in violation of §§ 701 (k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and

22   2000e-2(a)(1).

23       34.    The effect of the practices complained as described in paragraphs 17-33 has

24   been to deprive Charging Party of equal employment opportunities and otherwise

25   adversely affects her status as an employee because of her pregnancy, a condition of her

26   sex (female) and/or disability.

27       35.    The unlawful employment practices complained of in paragraphs 17-33

28   above were intentional and caused Charging Party to suffer emotional distress.

1    36.    The unlawful employment practices complained of in paragraphs 17-33

2  above were done with malice or with reckless indifference to the federally protected

3  rights of Charging Party.

### PRAYER FOR RELIEF

5    Wherefore, the Commission respectfully requests that this Court:

6    A.    Grant a permanent injunction enjoining Defendant(s), their officers,

7  successors, assigns, and all persons in active concert or participation with each of them,

8  from engaging in any employment practice in violation of Title VII, *as amended* and the

9  ADA, *as amended*.

10    B.    Order Defendant(s) to institute and carry out policies, practices, and

11  programs to ensure that they would not engage in further unlawful employment practices

12  in violation of Title VII, *as amended*, and the ADA, *as amended*.

13    C.    Order Defendant(s) to make Charging Party whole by providing

14  compensation for past and future pecuniary losses, including appropriate back pay and

15  front pay with prejudgment interest on any lost pay and benefits, in amounts to be

16  determined at trial;

17    D.    Order Defendant(s) to make Charging Party whole by providing

18  compensation for past and future non-pecuniary losses resulting from the unlawful

19  employment practices complained of above, including emotional pain, suffering,

20  inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to

21  be determined at trial;

22    E.    Order Defendant(s) to pay Charging Party punitive damages for its

23  intentional, malicious, and reckless conduct described above in an amount to be

24  determined at trial;

25    F.    Award the Commission its costs of this action; and

26    G.    Grant such further relief as the Court deems necessary and proper in the

27  public interest.

28  ///

1

## JURY TRIAL DEMAND

2      The Commission requests a jury trial on all questions of fact raised by its

3   Complaint.

4   Dated:  September 29, 2017              Respectfully Submitted

5

6                                          JAMES L. LEE,
                                           Acting General Counsel
7

8                                          GWENDOLYN YOUNG REAMS,
                                           Associate General Counsel
9

10                                         U.S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
11                                         131 "M" Street, N.E.
                                           Washington, D.C.  20507
12

13

14                                 By: _____

15                                         ANNA Y. PARK,
                                           Regional Attorney
16

17                                         SUE J. NOH,
                                           Supervisory Trial Attorney
18

19                                         CONNIE K. LIEM,
                                           Senior Trial Attorney
20

21                                         U.S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
22

23

24

25

26

27

28